## CROSSBY v. ADAMS.

(Superior Court of New York City, General Term.   October 27, 1893.)

CASE ON APPEAL—REFERENCE TO INQUIRE AND REPORT.

    On appeal in a cause in which a reference to inquire and report had been ordered, a formal case and exceptions showing the proceedings before the referee are not necessary to protect appellant's rights, and an order striking out such case is proper.

Appeal from special term.

Action by Jane Crossby against Henry B. Adams.   From an order setting aside a proposed case, defendant appeals.   Affirmed.

Argued before FREEDMAN and GILDERSLEEVE, JJ.

Smith & Perkins, for appellant.

Townsend, Dyett & Einstein, for respondent.

PER CURIAM.   The record upon which this appeal has been submitted is so imperfect that we would not be justified to determine upon it that the learned judge below erred.   The pleadings, the interlocutory judgment, the report of the referee, the exceptions filed thereto, the order of confirmation, the final judgment, the notice of appeal, the case and exceptions proposed to be served, have all been omitted; not even the nature of the action has been sufficiently disclosed.   In the absence of the interlocutory judgment, it does not appear what powers were conferred by it upon the referee.   Upon the affidavit made by one of the attorneys for the plaintiff, upon which the order appealed from was made, and which was and is unopposed by any counteraffidavit, the conclusion may be reached that the reference was one to inquire and report, (see Austin v. Ahearn, 61 N. Y. 6;) that it was treated as such; that a formal case and exceptions showing the proceedings before the referee are, under all the circumstances, wholly unnecessary for the protection of the rights left to the appellant; and that the appellant was bound to proceed exclusively under rule 30 of the general rules.   The early history of that rule (being rule 32 of 1858 and rule 39 of 1871) may be found in the report of the case of the Receivership of the Guardian Savings Inst., 9 Hun, 267.   If there are facts which might lead to a different conclusion, the appellant should have shown them.   For the reasons stated the order must be affirmed, with $10 costs and disbursements.